IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| MINDY MONROE, | : | Case No. 3:12-cv-107 |
| Plaintiff, | : | District Judge Thomas M. Rose<br>Magistrate Judge Michael J. Newman |
| vs. | : | |
| COMMISSIONER OF<br>SOCIAL SECURITY, | : | |
| | : | |
| Defendant. | | |

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND SUPPORTED BY SUBSTANTIAL EVIDENCE, AND AFFIRMED; AND (2) THIS CASE BE CLOSED**

This is a Social Security disability benefits appeal.  At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Disability Insurance Benefits ("DIB").  This case is before the Court upon Plaintiff's Statement of Errors (doc. 9), the Commissioner's Memorandum in Opposition (doc. 11), Plaintiff's Reply (doc. 12), the administrative record (doc. 6)[2], and the record as a whole.

## I.  BACKGROUND

### A.  Procedural History

Plaintiff filed her application for DIB on January 31, 2008, asserting that she has been under a "disability" since July 1, 2006.[3]  PageID 180-85.  Plaintiff claims she is disabled due to

---

[1]Attached hereto is NOTICE to the parties regarding objections to this Report and Recommendation.

[2]Hereafter, citations to the electronically-filed administrative record will refer only to the PageID.

[3]In a prior application for disability benefits, Plaintiff was determined to be disabled as of November 1999, based upon a finding that her Crohn's disease met Listing §§ 5.07(A) and (B).  *See* PageID 126-29.  However, Plaintiff's benefits were terminated in July 2005 based on a finding of improvement, and she apparently did not appeal that decision.  *See* PageID 50, 197.

Crohn's disease, rheumatoid arthritis, anemia, bursitis, fatigue, osteoporosis, and tendonitis. PageID 201.

Following initial administrative denials of her application, Plaintiff received a hearing before ALJ Thomas McNichols, II on October 13, 2010.[4] PageID 76-124. On October 21, 2010, ALJ McNichols issued a written decision, concluding -- at Step Five of the five-step sequential disability analysis, *see infra* -- that Plaintiff could perform a limited range of light work[5] and was thus not disabled. PageID 50-65. Specifically, the ALJ's findings, which represent the rationale of his decision, were as follows:

1. The claimant meets the insured status requirements of the Social Security Act through June 30, 2011;

2. The claimant has not engaged in substantial gainful activity since July 1, 2006, the alleged onset date (20 CFR § 404.1571 *et seq.*);

3. The claimant has the following severe impairments: chronic abdominal pain, attributed to Crohn's disease; a history of rheumatoid arthritis; depression; and anxiety (20 CFR § 404.1520(c));

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR §§ 404.1520(d), 404.1525 and 404.1526);

5. After careful consideration of the entire record, the [ALJ] finds that the claimant has the residual functional capacity ("RFC") to perform light work as defined in 20 CFR 404.1567(b) except that she must be free to alternate positions between sitting and standing at 30-minute periods throughout the workday. She can never climb ladders, ropes, or scaffolds,

---

[4] Because Plaintiff has produced new and material evidence documenting a significant change in her condition, ALJ McNichols is not bound by the prior ALJ's findings. *See Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837, 842 (6th Cir. 1997). Plaintiff does not challenge ALJ McNichols' findings in this regard.

[5] The Social Security Administration classifies jobs as sedentary, light, medium, heavy, and very heavy depending on the physical exertion requirements. 20 C.F.R. § 416.967. Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." *Id.*

        and she can never push and/or pull with arms fully extended. She can perform work above shoulder level on no more than an occasional basis, and she must avoid all exposure to hazards and vibrations. She can perform no repetitive bending or twisting at the waist, due to abdominal pain, and she requires ready access to restroom facilities (defined as no work with the general public and no assembly line work). She must not be required to maintain concentration on a single task for longer than 15 minutes at a time;

6. The claimant is unable to perform any past relevant work (20 CFR § 404.1565);

7. The claimant was born [in] 1978 and was 27 years old, which is defined as a "younger individual age 18-49," on the alleged disability onset date. (20 CFR § 404.1563);

8. The claimant has at least a high school education and is able to communicate in English (20 CFR § 404.1564);

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (*See* SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2);

10. Considering her age, education, work experience, and [RFC], there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR §§ 404.1569 and 404.1569(a)); [and]

11. The claimant has not been under a disability, as defined in the Social Security Act, from July 1, 2006, through the date of this decision (20 CFR § 404.1520(g)).

PageID 52-64.

      Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 41-44. *See Casey v. Sec'y of H.H.S.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff then timely filed this appeal on April 13, 2012. Doc. 2.

### B. Plaintiff's Hearing Testimony

At the time of the administrative hearing, Plaintiff was 31 years old. PageID 79. Plaintiff testified that she lives at her boyfriend's house with her three minor children (ages ten, four and two). PageID 79-80. She has a driver's license, and drove regularly up until three months prior to the hearing. PageID 81.

Plaintiff testified that her Crohn's disease has been in remission for the past eight years. PageID 84, 97. She experiences flare-ups once every two to three months. PageID 83-84, 87. Plaintiff takes no medication for Crohn's, but testified she experiences daily abdominal pain. *Id*. In addition, she suffers from rheumatoid arthritis in her shoulders, spine, and hips. PageID 85, 88, 90. She is unable to lift her arms over her head, but is able to use her hands. *Id*. She has not gone to a specialist for treatment of her arthritis; rather, she relies upon medication prescribed by her pain management physician. PageID 87.

Plaintiff testified that she also suffers from depression and anxiety, which cause her fatigue and hinder her ability to concentrate. PageID 90. She stated that she had not received any mental health treatment in the three months prior to the hearing, primarily due to the cost. PageID 91. Her pain management physician prescribes her medication for anxiety and panic attacks. PageID 93.

Plaintiff estimates she has the ability to: walk one block; stand no more than 15 minutes at a time; sit no more than 30 minutes at a time; and lift no more than a gallon of milk. PageID 100-03. She cares for her three children, prepares meals, washes dishes, and does laundry. PageID 104. She also smokes one-half pack of cigarettes daily. PageID 107.

### C. Vocational Expert Testimony

Suman Srinivasan, a vocational expert ("VE"), also testified at the administrative hearing. PageID 113-22. The VE classified Plaintiff's past work as a "nurse's assistant" at the medium, semi-skilled level. PageID 115. Based on Plaintiff's age, education, work experience and RFC, the VE testified that Plaintiff would be unable to perform her past relevant work; nevertheless, she could perform, within the regional economy, 12,000 jobs at the light exertional level, and 3,000 jobs at the sedentary exertional level. PageID 118.

## II. APPLICABLE LAW

### A. Substantial Evidence Standard

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. §§ 405(g); *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742, 745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found the claimant disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he can act without the fear of court interference." *Id*. at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). Thus, "a decision of

the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B. "Disability" Defined

To qualify for disability benefits, a claimant must suffer from a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than 12 months. The impairment must render the claimant unable to engage in the work previously performed or in any other substantial gainful employment that exists in the national economy. 42 U.S.C. § 423(d)(2).

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?

2. Does the claimant suffer from one or more severe impairments?

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the Listings), 20 C.F.R. Subpart P, Appendix 1?

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *Miller v. Comm'r of Soc. Sec.,* 181 F. Supp. 2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing that he or she is "disabled" under

the Social Security Act's definition. *Key v. Callahan*, 109 F.3d 270, 274 (6th Cir. 1997).

## III. OPINION AND ANALYSIS

On appeal, Plaintiff argues that the ALJ erred by: (1) giving less than controlling weight to the opinion of her treating pain management physician, Lita Mathai, M.D.; and (2) failing to consider the combined effects of her impairments. Doc. 9 at PageID 922-26. For the reasons that follow, the Court finds neither argument to be meritorious.

### A. Dr. Mathai's Opinion

Plaintiff's first assignment of error is premised upon an October 2010 report submitted by Dr. Mathai, in which she opined that Plaintiff has the ability to: carry no more than five pounds; occasionally lift and carry zero pounds; frequently lift and carry zero pounds; stand and walk no more than two or three hours; and sit no more than four hours in an eight-hour day. PageID 902-03. Additionally, Dr. Mathai reported that Plaintiff is completely unable to climb, balance, stoop, crouch, kneel, crawl, reach, pull, or handle. *Id*. Dr. Mathai stated that Plaintiff "has too many problems and limitations and severe pain that limit her ability to do any substantial work." PageID 904.

Plaintiff argues that, as a treating physician, Dr. Mathai's opinion is entitled to controlling weight. Doc. 9 at PageID 922. Rather, the ALJ accorded "little weight," reasoning:

> Dr. Mathai's opinion is not entitled to controlling or deferential weight under the Regulations. The undersigned gives little weight to her assessment, as it appears she relied quite heavily on the subjective report of symptoms and limitations provided by the claimant and seemed to uncritically accept as true most, if not all, of what the claimant reported. Yet, as explained elsewhere in the decision, good reasons exist for questioning the reliability of the claimant's subjective complaints. The totality of the medical evidence clearly supports that the claimant is not as severely limited as assessed by this doctor. For example, Dr. Mathai indicated that she based her opinion on MRI reports of the back and shoulders, as well as arthritis in the SI joints and facet joints (Exhibit B41F, pages 2-5). However, as discussed above, these reports showed only minimal

>findings, and her assessment is unsupported by objective testing or examination findings. Dr. Mathai's opinion is also inconsistent with the relatively full range of daily activities described by the claimant (see discussion above).

PageID 61. The Court finds the ALJ's consideration of Dr. Mathai's opinion to be well supported by substantial evidence.

The opinions of treating physicians are typically entitled to controlling weight. *Cruse v. Comm'r of Soc. Sec.*, 502 F. 3d 532, 540 (6th Cir. 2007). To that end, under the "treating physician rule," the ALJ is required to "generally give greater deference to the opinions of treating physicians than to the opinions of non-treating physicians because: 'these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [the claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting 20 C.F.R. § 404.1527(d)(2)).

Nevertheless, a treating physician's opinion is to be given controlling weight only if it is well-supported by medically acceptable clinical and laboratory techniques, and is not inconsistent with the other evidence of record. *Id.*; *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 530 (6th Cir. 1997). Accordingly, an ALJ may properly reject a treating physician's opinion that does not meet these standards. *See* 20 C.F.R. § 404.1527(d)(2).

When the ALJ declines to give controlling weight to a treating physician's assessment, "the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician." *Blakley*,

581 F.3d at 406.  In accordance with this rule, the ALJ must give "good reasons" for the ultimate weight afforded the treating physician's opinion, based on the evidence in the record, and these reasons must be sufficiently specific to enable meaningful review of the ALJ's decision.  *Id*. (citing 20 C.F.R. § 404.1527(d)(2); Social Security Ruling 96-2p, 1996 SSR LEXIS 9, at *5).  The ALJ's failure to adequately explain the reasons for the weight given to a treating physician's opinion "denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record."  *Id*. at 407.

Furthermore, a treating source's opinion as to a claimant's employability is a legal conclusion, and not a "medical source opinion," as defined by Social Security regulations, which the ALJ must accept.  *See* 20 C.F.R. §§ 404.1527(c)–(d).  Social Security regulations mandate that the question -- of whether or not a claimant is disabled -- is an administrative issue reserved solely to the province of the Commissioner.  *Id*.; *see also Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) ("The determination of disability is ultimately the prerogative of the Commissioner, not the treating physician").  Thus, the ALJ need not give either controlling or deferential weight to an opinion that a claimant is "disabled."  *See* 20 C.F.R. § 404.1527(e)(1) ("A statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will find that you are disabled"); *see also* Soc. Sec. Ruling 96-5p, 1996 SSR LEXIS 2, at *2 ("Whether an individual is 'disabled' under the Act.  The regulations provide that the final responsibility for deciding issues such as these is reserved to the Commissioner").

Here, the ALJ adequately weighed Dr. Mathai's opinion with the other medical evidence of record, and clearly articulated "good reasons" for his conclusion.  *See* 20 C.F.R. § 404.1527(d)(2).  For example, Dr. Mathai purportedly based her opinion on MRIs and x-rays of Plaintiff's back and shoulder.  *See* PageID 900-01.  The ALJ appropriately determined,

however, that those imaging reports showed only minimal findings, and did not support Plaintiff's allegations of total disability. PageID 56-57, 61. In December 2005, x-rays of Plaintiff's lumbar spine showed osteophytosis of the vertebral bodies, but were otherwise unremarkable. *Id*.; PageID 293. A January 2008 x-ray taken of Plaintiff's right shoulder showed "no significant abnormalities." PageID 56, 352. X-rays taken of her sacroiliac joints in January 2009 showed evidence of a prior joint fusion, but no other abnormalities. PageID 56, 601. Similarly, x-rays of Plaintiff's hips, also taken in January 2009, were normal, and showed no bone, joint or soft tissue abnormalities. PageID 56, 602. An MRI of Plaintiff's lumbar spine taken in May 2009 revealed partial fusion of the sacroiliac joints and mild spondylosis, but showed no evidence of focal disc extrusion or significant lumbar stenosis. PageID 56-57, 615. In addition, the ALJ properly considered the objective findings of five other physicians of record, all of whom reported Plaintiff to have a full or slightly limited range of motion in her back and extremities -- not the extreme level of limitation reported by Dr. Mathai. PageID 57.

Furthermore, substantial evidence supports the ALJ's finding that Dr. Mathai's opinion is inconsistent with Plaintiff's reported daily activities. Notably, since the alleged onset date of disability, Plaintiff has given birth to two children, in addition to caring for and raising a third child. PageID 59-60, 424. In May 2008, Plaintiff reported that, on a daily basis, she takes care of her children; prepares meals for herself and children; get her oldest child ready for school; watches television; loads the dishwasher; gathers laundry; changes diapers; attends her son's baseball games; drives; visits with family members; and occasionally watches movies. PageID 427-28. *See also* PageID 217-23.

Substantial evidence also supports the ALJ's decision to give significant weight to the shared opinion of medical consultants Charles Derrow, M.D., and Gary Hinzman, M.D. -- *i.e.*

that Plaintiff has the RFC to occasionally lift up to 50 pounds; frequently lift up to 25 pounds; stand and/or walk for a total of about 6 hours in an 8-hour workday; and sit 6 or so hours in an 8-hour workday, *see* PageID 451-57, 593 -- as that opinion is consistent with the medical findings of record, and not rebutted by other substantial evidence. As noted above, the record strongly suggests that Plaintiff can perform a wide range of activities and is not disabled. *See supra*. As such, substantial evidence supports the ALJ's finding that Plaintiff's impairments, whether viewed singly or in combination, do not demonstrate disability. *Id*.

It is not the Court's role to sift through the facts and make a *de novo* determination of whether a claimant is disabled. The ALJ, not the Court, is the finder of fact. *Siterlet v. Sec'y of H.H.S.*, 823 F.2d 918, 920 (6th Cir. 1987). The ALJ reasonably undertook that role here. *Id*. So long as the Commissioner's decision is supported by substantial evidence, it must be affirmed. 42 U.S.C. §405(g); *Richardson*, 402 U.S. at 401. Where, as here, there is substantial evidence supporting the ALJ's resolution of the disputed facts, the Court must affirm the ALJ even if the Court might have resolved those disputed facts in Plaintiff's favor had it been the trier of fact. *Nunn v. Bowen*, 828 F.2d 1140, 1144 (6th Cir. 1987).

### B. Combination of Impairments

Plaintiff also argues that the ALJ "did not even address the disabling effect of the combination of [my] physical and mental impairments." Doc 9 at PageID 926. In support of this assertion, Plaintiff relies upon the Sixth Circuit's decision in *Walker v. Sec'y of H.H.S.*, 980 F.2d 1066 (6th Cir. 1992). In *Walker*, the Court reversed the Commissioner's non-disability finding because the medical evidence indicated that the combined effect of the claimant's impairments warranted a finding of disability. *Id.* at 1071. The Court found that the ALJ erred because he

"looked at each impairment in a vacuum and made two separate determination[s] as to whether each one, separately, would qualify [the claimant] for disability." *Id.*

However, the record in the present case reflects that the ALJ considered the combined effect of *all* of Plaintiff's impairments, including her history of Crohn's disease, chronic abdominal pain, rheumatoid arthritis, anxiety and depression. PageID 53-55. The ALJ considered Listings §§ 1.02 (major dysfunction of a joint) and 1.04 (disorders of the spine) in consideration of Plaintiff's history of rheumatoid arthritis. He found that the evidence does not show an inability to ambulate effectively for 12 months or more, as required by Listings §§ 1.02(A) or 1.04(C). *Id.* (citing to PageID 579, 622 and 646). Furthermore, the ALJ found no evidence of nerve root compression characterized by neuroanatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss or positive straight-leg raising test (sitting and supine), as required by Listing § 1.04(A). *Id.* (citing to PageID 263, 508, 578, 622 and 646).

The ALJ also determined that, "the claimant's Crohn's disease does not produce the signs and findings needed to meet the criteria of any listing in section 5.00 of the Listing of Impairments, as the record contains no evidence of gastrointestinal hemorrhage, stricture, obstruction, or ulceration, chronic liver disease, or nutritional compromise." PageID 54. Notably, Plaintiff testified that her Crohn's disease has been in remission for eight years, and she does not regularly take any prescribed medication for it. PageID 83-84.

The ALJ discussed Plaintiff's mental impairments of depression and anxiety under Listings §§ 12.04 and 12.06, but found that the evidence establishes only "mild" limitations in her activities of daily living and social functioning, and "moderate" limitations in concentration,

persistence and pace -- not "marked" or "extreme" levels required to meet or equal either Listing.[6]  *Id.*  The ALJ noted that Plaintiff has never been hospitalized due to any mental condition.  PageID 59.  He additionally found that, although Plaintiff complained of panic attacks, depression and anxiety, she did not begin mental health treatment until February 2010 -- more than three and half years *after* her alleged onset date.  PageID 59-60.

Further, in posing various hypothetical questions to the VE, the ALJ incorporated the combined effect of all the limitations associated with Plaintiff's impairments, including her exertional limitations, mental limitations, and need for immediate access to restroom facilities.  PageID 115-19.  The VE testified that a significant number of jobs exist in the national economy that Plaintiff could nevertheless perform with all of the limitations identified by the ALJ.  PageID 118.

Pursuant to 20 C.F.R. § 404.1523, the ALJ is required to consider the "combined effect" of all a claimant's impairments in determining whether a medically severe combination of impairments exists.  However, if the ALJ determines that a claimant does not have a medically severe combination of impairments, the Social Security Act and regulations mandate a determination that the claimant is not disabled.  *See* 20 C.F.R. § 404.1523 ("If we do not find that you have a medically severe combination of impairments, we will determine that you are not disabled").

Here, the ALJ thoroughly considered the combined effects of Plaintiff's impairments in his decision, as well as in his hypotheticals to the VE.  Although Plaintiff suffers from a variety of impairments, substantial evidence supports the ALJ's conclusion that the combination of

---

[6] Whereas "moderate" functional limitations are "non-disabling, *see Sims v. Comm'r of Soc. Sec.*, 406 F.App'x 977, 980 (6th Cir. 2011), "marked" and "extreme" limitations are suggestive of disability. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1 §§ 12.00(C) *et seq*.

those impairments is not medically severe, does not meet or equal any of the listed impairments, and does not support a finding of disability.

## IV. RECOMMENDATION

For the foregoing reasons, the Court finds Plaintiff's the ALJ's non-disability finding supported by substantial evidence.

### IT IS THEREFORE RECOMMENDED THAT:

1. The Commissioner's non-disability finding be found supported by substantial evidence, and **AFFIRMED;** and

2. This case be **CLOSED**.

May 24, 2013                                                   **s/Michael J. Newman**
                                                                United States Magistrate Judge

-14-

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B)(C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).